UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TAMARA ALLEN, § <br> § <br> *Plaintiff,* § <br> § Civil Action NO. 5:24-CV-00157-XR <br> v. § <br> § <br> EXPERIAN INFORMATION SOLUTIONS, § <br> INC., *et al.,* § <br> § <br> *Defendant*. § | |

**NON-PARTY CAPITAL ONE, N.A.'S MOTION TO QUASH PLAINTIFF'S SUBPOENA AND DEPOSITION NOTICE, FOR PROTECTIVE ORDER, AND FOR SANCTIONS**

Non-Party Capital One, N.A ("Capital One"), pursuant to Federal Rule of Civil Procedure 26(c), hereby files this motion seeking entry of an order quashing Plaintiff Tamara Allen's ("Plaintiff") Subpoena and Deposition Notices of non-party Capital One ("Notice"), protecting Capital One from further production of documents sought in the Notice, and for discovery sanctions pursuant to Federal Rule of Civil Procedure 37. In support of this Motion, Capital One states as follows.

**INTRODUCTION**

Plaintiff claims that a former friend used and misused one or more credit cards belonging to Plaintiff. She further alleges that one credit card issuer did not approve her fraud claims and that one or more of the credit reporting bureaus did not update the reporting after receiving Plaintiffs' disputes. Based on those allegations, as reflected in the docket in the above-captioned matter, Plaintiff filed a lawsuit against various defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Since then, on information and belief, Plaintiff has settled some of her claims.

Plaintiff did not join Capital One as a defendant in her lawsuit or arbitration proceedings, nor could she. Capital One's business relationship with Plaintiff began in 2022 when Plaintiff submitted and was approved for a consumer credit card account. In 2023, Plaintiff made an online request for a pre-approval offer. Capital One timely responded to that request in writing, advising Plaintiff that it was not extending a pre-approval offer. That written correspondence also provided information regarding the reason why an offer was not extended to Plaintiff and included information regarding the FCRA.

Based solely on the 2023 letter—which Plaintiff already has in her possession—Plaintiff seeks a host of documents and purports to require that Capital One, as a non-party, designate three different witnesses to provide sworn deposition testimony on a wide swath of topics. The topics are patently overbroad and burdensome, and appear to be posed for an improper purpose (*i.e.*, to harass Capital One and to unnecessarily increase the costs on a non-party). Not only are Plaintiff's discovery requests designed to allow her counsel to engage in an improper fishing expedition, Plaintiff's notice and subpoena do not comply with this Court's requirements or the Federal Rules of Civil Procedure.

Further, Capital One has already provided Plaintiff with the documents concerning Plaintiff, her account, and her request for a pre-approval offer. Capital One's counsel has repeatedly requested that Plaintiff's counsel confer in an effort to narrow the scope of the discovery requests to Capital One, and has further requested that Plaintiff agree to hold off on setting any non-party deposition until after an agreement is reached on the scope and manner of discovery sought by Plaintiff.

Plaintiff has refused to cancel the deposition and has refused to confer with Capital One before the noticed depositions. Accordingly, Capital One has no option other than filing this

motion to quash ("Motion"). As explained in more detail below, the Court should grant this Motion and award Capital One its attorney's fees and costs incurred in this non-party discovery dispute.

On July 24, 2024, Plaintiff's counsel emailed Capital One's counsel a deposition notice ("Notice") and a partially-completed subpoena ("Subpoena")—none of which were served on Defendant's counsel on July 12, 2024 as Plaintiff alleged.[1] As such, on July 29, 2024, Plaintiff served by email a copy of the Notice and Subpoena, which , as drafted, seeks the deposition of <u>three separate witnesses</u> from a non-party, Capital One. Moreover, the Subpoena purported to require that Capital One provide three 30(b)(6) witnesses on Monday, August 5, 2024, a mere five business days after the Notice was first provided to Defendant and received by Capital One's counsel. *See* **Exhibit A** (Notice with Plaintiff's personal identifiers redacted). Plaintiff's Notice includes three different topics: (1) a Rule 30(b)(6) deposition on fifteen separate subtopics; (2) a Rule 30(b)(6) deposition of Capital One's "underwriter or individual responsible for any credit decision"; and (3) a Rule 30(b)(6) deposition of Capital One's "keeper of records." *Id.* Plaintiff did not subpoena any named individual and, instead, sent a single subpoena to Capital One for all three topics (and subtopics) in the Notice. *See id.* The Notice also demanded that Capital One produce documents covering sixteen separate categories. *Id.*

From July 24 through July 31, 2024, Capital One attempted to engage Plaintiff's counsel in a discussion on the scope of discovery so that the topics in the Notice could be narrowed and the burden on the non-party could be mitigated. Plaintiff's counsel would not agree to talk to Capital One's counsel. Accordingly, on July 31, 2024, Capital One served objections and

---

[1] Plaintiff's counsel contended that they mailed a copy of the notice and subpoena to Capital One's counsel; however, Capital One's counsel did not receive the mailed copy. Plaintiff's counsel has not disputed that it failed to serve the discovery requests on Defendant.

3

responses to Plaintiff's numerous deposition topics, including topics number two and three, and all the subparts of topic one.[2] Thereafter, Plaintiff agreed to vacate the deposition on Notice topic number one; however, despite her failure to meet and confer, despite her failure to issue separate subpoenas, and despite the unreasonable notice to Capital One, Plaintiff's counsel has taken the position that she will still proceed with the purported depositions of Capital One's "underwriter" on topic two and "keeper of records" on topic three on Monday, August 5, 2024. Further, Plaintiff and her counsel take this position despite Capital One producing all relevant documents it possessed and despite Capital One's offer to provide a declaration from a records custodian.

Under the circumstances, Plaintiff's discovery demands from a non-party are overly-broad, unduly burdensome, procedurally improper and sanctionable for multiple reasons, including:

> • The Notice failed to provided reasonable notice as required under Rule 30, providing just five business days from service to the dates of the purported depositions;
>
> • While the Notice seeks testimony from an organization as authorized by Rule 30(b)(6), Plaintiff has failed to confer in good faith with Capital One regarding the topics she seeks testimony on as required by the Rule 30, despite requests of Capital One to do so; and
>
> • The Notice seeks to hold depositions remotely via Zoom but no order of the court authorizing remote depositions has been entered, nor have Plaintiff and Capital One stipulated to remote deposition, rendering the Notice defective.[3]

For the reasons discussed in detail below, Capital One requests that the Court enter an order that (1) quashes the Subpoena and Notice, (2) prohibits Plaintiff from seeking deposition

---

[2] Capital One designated its objections and responses as confidential, and does not append its responses hereto. If the Court desires, Capital One will make a copy available to the Court for *en camera* inspection.

[3] Had Plaintiff's counsel complied with its obligations under the Rules and actually conferred with Capital One's counsel, Plaintiff would have realized that a Zoom deposition at a Capital One witness' "place of business" is not a viable option.

testimony from three different witnesses from a non-party entity, (3) protecting Capital One from further document production sought in the Notice, (4) finding Capital One has reasonably and sufficiently complied with the Subpoena, and (5) awarding Capital One its fees and costs incurred in filing this Motion.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    **A.**    **Plaintiff's Account Application and Pre-Approval Offer Request to Capital One.**

In 2022, after the alleged identity theft at issue in her Complaint, Plaintiff applied for and was granted a credit card account issued and serviced by Capital One. *See* Complaint. On April 10, 2023, Plaintiff requested that Capital One extend to her a pre-approval offer. The next day, Capital One wrote to Plaintiff and advised that it was not extending a pre-approval offer; Capital One's written notice to Plaintiff provided its reason for declining to extend such an offer: "Based on your credit report from one or more of the agencies below, proportion of account balance(s) to income is too high." *See* Exhibit A (Plaintiff's Notice and Subpoena at Exhibit B, attaching the letter).

    **B.**    **Capital One's Proactive Efforts to Address Plaintiff's Discovery Needs and to Obtain Reasonable Notice of Any Deposition.**

After Plaintiff's initial defective subpoena to "Capital One Bank,"[4] Capital One retained undersigned counsel to respond to Plaintiff's discovery requests. On July 9, 2024, counsel for Capital One had discussions with Plaintiff's counsel regarding the purported discovery needs of Plaintiff, in an effort to avoid the burden on a non-party from which Plaintiff sought the sworn

---

[4] On May 16, 2024, Plaintiff served a subpoena on "Capital One Bank" (the "May Subpoena"), which was rejected because that entity was not the proper entity for the information concerning Plaintiff, her account, and her request for a pre-approval offer. The May Subpoena is not the subject of this Motion.

testimony of three separate witnesses from Capital One.[5] *See* Declaration of John E. Joseph ("Joseph Decl."), attached as **Exhibit B** hereto, at ¶ 3. Capital One offered to voluntarily produce responsive documents in its possession relevant to the claims and defenses of the parties in the above-captioned case. *Id.* Even so, Plaintiff's counsel continued to demand witness testimony from Capital One that would be a mere fishing expedition. On July 12, 2024, counsel for Capital One advised Plaintiff's counsel that counsel was authorized to accept service of any new subpoena to Capital One. *Id.*, at Exhibit 1 (July 12, 2024 email to Plaintiff's counsel).

Thereafter, counsel for Capital One repeatedly followed up with Plaintiff on the status of the threatened subpoena to ensure it received sufficient notice of the topics on which Plaintiff sought testimony from Capital One. *Id.*, at Exhibits 2, 3, and 4 (emails to Plaintiff's counsel seeking reasonable notice of any new subpoena). Capital One also requested that Plaintiff narrow the scope of her discovery demands and that Plaintiff serve Capital One and Defendant with any such requests, including but not limited to a subpoena issued to Capital One. *Id.*, at Exhibit 2 (email to Plaintiff's counsel seeking status of service of notice with narrowed topics). During one of those communications, Plaintiff's counsel contended that a subpoena dated July 12, 2024, had purportedly been served by a third-party mail service—even though neither counsel for Capital One nor counsel for Defendant Experian had received the purported new subpoena. *Id.*, at Exhibit 4 (July 24, 2024 email exchange between counsel wherein Plaintiff alleged service on July 12). Accordingly, Capital One again requested that Plaintiff provide copies to Capital One and

---

[5] Capital One is not attempting to misdirect Plaintiff and is not withholding responsive information; nonetheless, Plaintiff continues to press forward with her demands to engage in a fishing expedition of a non-party in the specious hope that she will uncover evidence for use against Defendant in this case. But even if Capital One was a party to this litigation—and it is not—the requested discovery still would not be proper and will not lead to the discovery of admissible evidence in this case.

Defendant of any such requests, including subpoenas to Capital One. *Id.*, Exhibit 6 (email to Plaintiff's counsel seeking status of service of new subpoenas). On July 29, 2024, Plaintiff's counsel eventually sent Capital One a copy of the Notice and Subpoena, providing <u>a mere five business days' notice</u> of the depositions scheduled unilaterally by Plaintiff on August 5, 2024. *See* Exhibit A (Notice); Joseph Decl. at ¶ 2.

    **C.**    **Plaintiff's Discovery Demands on Non-Party Capital One are Deficient.**

On July 31, 2024, Capital One timely served its objections and responses to the Notice and produced the documents in its possession related to the claims and defenses of the parties, including related to Plaintiff's application for a new account in 2022 and her request for a pre-approval offer in 2023. *See* Joseph Decl. at ¶ 3. Since serving its objections, Capital One has repeatedly offered to meet and confer with Plaintiff's counsel on the objections to the Notice and its topics. *See, e.g.*, *id.*, at Exhibits 7, 8, 9, and 10 (emails to Plaintiff's counsel). On August 2, 2024, Plaintiff agree to vacate <u>one of the three</u> deposition topics in the Notice, so the parties could meet and confer as required by Rule 30. *Id.*, Exhibit 9 at 2. Yet, inexplicably, Plaintiff's counsel indicated Plaintiff planned to proceed with the depositions of Capital One's corporate representatives on Notice topics two and three (*i.e.*, seeking witnesses Plaintiff's counsel referred to as the "underwriter or individual responsible for any credit decision," and the "keeper of records"). *Id.*

As of the time of filing, Plaintiff has not met and conferred with Capital One regarding any of the topics for the depositions of Capital One's representative(s). *Id.* at ¶ 17; Exhibits 7, 8, 9, and 10 (emails requesting that Plaintiff meet and confer). After Plaintiff advised Capital One that she intended to proceed with depositions on August 5, 2024, counsel for Capital One notified Plaintiff's counsel that Capital One would like to meet and confer on the Notice in order to avoid

having to seek this Court's intervention on this Motion. *Id*. at Exhibit 10. However, Plaintiff's counsel did not respond to the request to confer regarding the Notice or this Motion. *Id.* at ¶ 17.

## ARGUMENT

### 1. Legal Standards

Under Rule 26(c), a party from whom discovery is sought may seek protection from impermissible discovery. FED. R. CIV. P. 26(c)(1). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly … ." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *see also Manley v. Invesco*, 555 F. App'x 344, 349 (5th Cir. 2014) (per curiam) ("It is well established that a district court can 'exercise its sound discretion to restrict what materials are obtainable' in discovery."). A party seeking to depose an organization under Rule 30(b)(6) "must describe with reasonable particularity the matters for examination." FED. R. CIV. P. 30(b)(6). Moreover, a party seeking such testimony **must confer** in good faith about the matters for examination after the notice is served. *Id*. (emphasis added).

A party served with a Rule 30(b)(6) deposition notice has two options: (1) designate a corporate representative to testify; or (2) move for a protective order under Rule 26(c). *Westheimer Regency I, L.P. v. Great Lakes Reinsurance (UK) SE*, No. 5:18-CV-14-OLG, 2018 WL 7198643, at *1 (W.D. Tex. Aug. 20, 2018). Pursuant to Rule 26(c), a party seeking a protective order with respect to a deposition notice must establish good cause for protection. *See Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). Good cause exists when "justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See id.* (quoting FED. R. CIV. P. 26(c)). The Court has significant discretion in deciding whether to grant, in whole or in part, a motion for protective order, as it is "in the best position to weigh fairly the competing needs and interests of parties

affected by discovery." *Zoch v. Daimler, A.G.*, No. 4:17-CV-578, 2018 WL 3603064, at *2 (E.D. Tex. June 19, 2018) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Moreover, the fact that the moving party is not a party to the litigation can have a bearing on the reasonableness of the discovery request. *Wiwa v. Roya Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

### 2. The Subpoena Should be Quashed Due to Lack Of Reasonable Notice

Initially, the Notice and Subpoena are defective in that they fail to provide reasonable notice to the parties of the depositions as required by Rule 30. *See* Exhibit A. Plaintiff did not serve Defendant with the Notice until July 29, 2024, with the purported depositions set for August 5, 2024; and, despite Capital One's requests for a copy of any notices or subpoenas, Plaintiff's counsel waited until July 29 to alert Capital One's counsel of the Notice and Subpoena. *See* Joseph Decl., ¶ 2. Capital One's counsel, to date, still has not received the copy purportedly mailed by a third party on behalf of Plaintiff's counsel on or about July 12. *Id.*

The Notice provided just five business days to Capital One to identify and prepare potentially three different deponents on a host of topics. Plaintiff's deposition Notice and Subpoena do not comply with "reasonable" notice required by Rule 30, and thus the Subpoena should be quashed. *See, e.g., Reedy v. CITGO Petroleum Corp.*, Civil Action No. H-10-2971, 2011 WL 13350687, at *6 (S.D. Tex. Dec. 1, 2011) (holding that a 15-day notice of the depositions at issue was sufficient); *Nat'l Rifle Ass'n of Am. V. Ackerman McQueen, Inc.,* No. 3:22-CV-1944-G (BT), 2023 WL 9181587, at *2 (N.D. Tex. June 14, 2023) ("[C]ourts within the Fifth Circuit have held that at least ten days is normally required.").

Counsel for Capital One repeatedly asked Plaintiff's counsel to provide reasonable notice, as required by Rule 30, if a new Notice was to be served in an effort to avoid Court intervention

through this Motion, but Plaintiff failed to provide such notice. *Id.*, Exhibits 2 ,3, 4, and 6 (emails to Plaintiff's counsel). Despite counsel for Capital One repeatedly communicating with Plaintiff's counsel from July 24, 2024 to July 29, 2024, Plaintiff waited until a mere five business days prior to the date she unilaterally selected to send Capital One's counsel a copy of the Notice and Subpoena by email. Accordingly, on July 31, 2024, Capital One timely served objections to the Notice.[6] Moreover, discovery does not close in the case until October 22, 2024, leaving Plaintiff ample time to provide reasonable notice required by Rule 30. (Dkt. 62) As such, no rational basis exists for Plaintiff's failure to provide reasonable notice, and the Court should accordingly quash the Subpoena entirely.

  3. <u>**The Subpoena Should be Quashed Because Plaintiff Failed To Confer.**</u>

The Subpoena also should be quashed because Plaintiff failed to comply with the requirements of Rule 30(b)(6) to "confer in good faith" with Capital One before or after service on the proposed topics. *See* FED. R. CIV. P. 30(b)(6). Rule 30(b)(6) is the sole mechanism for a party to seek testimony from an organization, such as Capital One. *Id*. And that rule requires that Plaintiff, as the requesting party, confer in advance with counsel for Capital One before moving forward with any deposition. Plaintiff and her counsel failed to do so, and this is a separately sufficient reason for the Court to quash the Subpoena.

Plaintiff's Notice purports to seek testimony on behalf of Capital One by three separate representatives and provides fifteen topics for discussion. *See* Exhibit A. However, despite timely objections served by Capital One and multiple offers to meet and confer from Capital One, Plaintiff indicated she intended to proceed <u>without any conferral</u> on two of the three primary

---

[6] Capital One incorporates its objections to the Notice as though fully set forth herein and reserves the right to pursue further relief from those topics should Plaintiff re-serve a Subpoena and properly confer on the proposed topics.

topics. *See* Joseph Decl,, Exhibit M at 2 (Plaintiff's counsel rejecting Capital One's efforts to meet and confer, and instead declaring that "we will proceed with the keeper of records deposition and the underwriter as noticed.").[7]

Plaintiff's continued insistence that Capital One produce two different witnesses on Monday, August 5, 2024 violates Rule 30's requirements of good faith conferral on the topics. As such, Capital One requests the Court quash the depositions due to Plaintiff's failure to meet and confer under Rule 30 and prohibit any deposition of Capital One until after Plaintiff appropriately confers with the non-party on the proposed topics. But for Plaintiff's failure to comply with Rule 30, and her counsel's repeated refusal to confer with Capital One, a discovery motion could have been avoided. Under these circumstance, the Court should sanction the conduct of Plaintiff and her counsel, and order them to pay for Capital One's reasonable attorney's incurred in connection with responding to the improper Notice and Subpoena.

### 4. The Notice Violates Rule 30 In Seeking a Remote Deposition Without Court Order or Stipulation of the Parties.

Rule 30(b)(4) provides that a deposition may be taken by telephone or remote means if the parties so stipulate or by order of the court. *See* FED. R. CIV. P. 30(b)(4). The Notice emailed by Plaintiff seeks to hold three remote depositions via Zoom at each witness's business location. *See* Exhibit A (Notice). Capital One has not stipulated or agreed to hold remote depositions and asked Plaintiff whether the Court had ordered remote discovery. *See* Joseph Decl., at Exhibit 9. Counsel for Plaintiff did not respond to Capital One's inquiry on remote depositions. *Id*. at ¶ 18. And because Plaintiff has refused to confer, Capital One has not been able to discuss less onerous

---

[7] Plaintiff's counsel emailed only a single subpoena, which was issued to Capital One. To date, counsel for Capital One has not received—through service or otherwise—any subpoenas issued by Plaintiff on any individual.

discovery or even explain why a "Zoom" at a secured banking location or an individual's home is not a viable option.

Thus, Plaintiff's Notice runs afoul of Rule 30 for this additional reason, and the Notice should be quashed.

> **5.    The Court Should Award Capital One its Attorneys' Fees Incurred in Connection With Responding to the Improper Discovery Demands Due to Plaintiff's and her Counsel's Refusal to Abide By the Applicable Rules.**

The Federal Rules of Civil Procedure entitle a party to recover incurred expenses, including attorneys' fees, for filing a discovery motion that is granted. *See* FED. R. CIV. P. 37(a)(5); *Reeves v. Wells Fargo Bank, NA*, EP-14-CV-00187-DCG, 2014 WL 12495076, at *2 (W.D. Tex. Dec. 19, 2014) ("[I]f the Court is required to rule on such a discovery motion, it may order an unreasonable party to pay expenses, including attorney's fees, incurred in opposing or making such a motion.").

Here, after serving its objections to the Notice topics—along with its responsive documents—non-party Capital One repeatedly requested that Plaintiff vacate the depositions due to the inherent defects in the Notice and Subpoena, and Plaintiff's failure to confer prior to the depositions as required by Rule 30. *See* Joseph Decl., Exhibits 7, 8, 9 and 10 (emails to opposing counsel requesting to meet and confer on the Notice and topics ). There is no dispute that Plaintiff's counsel received these communications spanning multiple days, as he responded to confirm that Plaintiff would not agree to cancel or reset the depositions. *Id.*, Exhibit 9 at 2.

Capital One submits that it has provided the responsive information in its possession. The documents appended hereto demonstrate that Capital One's counsel repeatedly attempted to engage Plaintiff's counsel in discussions to avoid filing a discovery motion and to avoid seeking Court intervention. Thus, good cause exists here for the Court to grant further relief to non-party Capital One. Specifically, Capital One requests that the Court issue an order requiring Plaintiff and/or her counsel to pay Capital One's fees and costs incurred in responding to the Subpoena and

filing this Motion. If granted, Capital One requests leave to present an affidavit of the fees and costs incurred in defense of the defective Subpoena that Plaintiff refused to meet and confer on before threatening to proceed with depositions.

## CONCLUSION

Pursuant to Rule 26(c), the Capital One respectfully requests that the Court grant its Motion, enter an order quashing the Notice prohibiting Plaintiff from deposing its corporate representatives as sought in the Notice, and enter an order protecting Capital One from further discovery requests. Moreover, pursuant to Rule 37(a)(5), Capital One requests the Court issue an order directing Plaintiff to pay Capital One's fees and costs incurred in defending the Subpoena and filing this Motion.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Jared C. Lampson* _____
Jared C. Lampson
State Bar. No. 24120960
jared.lampson@hklaw.com
98 San Jacinto Blvd., Ste. 1900
Austin, TX 78701
Telephone: 512.472.1081
Fax: 512.472.7473

***Attorneys for Non-Party Capital One, N.A.***

## CERTIFICATION OF COUNSEL

I certify that I, and my colleagues, on behalf of Capital One, N.A. have tried to meet and confer with Plaintiff's counsel concerning the substance of this motion and sought to avoid the Court's involvement in this matter. However, counsel for Plaintiff did not respond to the requests. Due to Plaintiff's Subpoena not providing reasonable notice of the depositions, Capital One was not afforded meaningful time to follow up with Plaintiff to seek a conferral prior to filing this Motion, even with offering multiple times to meet and confer over the weekend. Counsel for Capital One tried in good faith to discuss the factual and legal grounds for this motion with Plaintiff's counsel but were unable to obtain do so. Accordingly, Capital One files this motion as opposed.

/s/ *Jared C. Lampson*
Jared C. Lampson

## CERTIFICATE OF SERVICE

I certify that the above document has been served upon all counsel of record via the Court's CM/ECF system on August 4, 2024.

*/s/ Jared C. Lampson*
Jared Lampson