# EXHIBIT A





Ian B. Lyngklip
Ian@ConsumerLawyers.com

13751 W. 11 Mile Rd, Oak Park, MI 48237 • 248-208-8864 • www.ConsumerLawyers.com

July 29, 2024

Capital One, NA
C/O John Joseph
1650 Market Street
Suite 3300
Philadelphia, PA 19103

Via Email to john.joseph@hklaw.com

Re:     ***Allen v. Experian Information Solutions, Inc.***
        **Western District of Texas**
        **Case No. SA-24-CV-00157-XR**

To Whom It May Concern:

Enclosed for filing please find the following:
1. Notice of Deposition
2. Subpoena with Production Request (Exhibit A) and Adverse Action Notice (Exhibit B)
3. Proof of Service

If you foresee any difficulties or objections, please contact me in advance of your response so that we can work out any issues. Thank you for your attention to this matter.

Very truly yours,

**LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC**

/s/ Ian Lyngklip

Ian B. Lyngklip,
For the Firm

CC:     Theodore Christian Schultz
        Emily Aikens
        Bill Clanton (cocounsel)

1

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

TAMARA ALLEN
    Plaintiff,


-vs-

EXPERIAN           INFORMATION
SOLUTIONS, INC.,
*et al*.
    Defendants.

Case No. SA-24-CV-00157-XR
Hon. Xavier Rodriguez

## <u>NOTICE OF DEPOSITION</u>
## <u>TO CAPITAL ONE, NA</u>

Take notice, that Tamara Allen will take the deposition of the following entities or

individuals.  Unless otherwise indicated, the following depositions relate exclusively to Tamara

Allen ("Ms. Allen"), SSN ███-2263.  Additionally, this request seeks only information

concerning events within the preceding five years.

1.      Pursuant to Rule 30(b)(6), Capital One, NA must designate a witness to testify as to the

      following topics:


        **Date:**      August 5, 2024
        **Time:**      10:00 AM ET
        **Recording:**  Steno and Video
        **Place:**     At the witness's usual place of business via Zoom
                    *Join Zoom Meeting*
                    https://us02web.zoom.us/j/85864376548?pwd=NG9WdXA4VElG
                    V2d5Vzk1R1F2WEMydz09

a.      The date of and purpose for which the deponent accessed any of Tamara Allen's (SSN ███-2263) consumer reports.

b.      The nature of any credit requested by or on behalf of Ms. Allen.

c.      The nature and content of any account review of any existing credit account with Ms. Allen or any credit application submitted by or on behalf of Ms. Allen.

d.      The nature of any risk or ECOA factors which affected any credit decision relating to Ms. Allen or any account review relating to Ms. Allen.

e.      The identity of any consumer reporting agency that provided a consumer report in relation to the application.

f.      The content of any records relating to any application for credit submitted by or on behalf of Ms. Allen or any account review relating to Ms. Allen.

g.      The time, nature and content of any ECOA or FCRA notice to Ms. Allen following review of any application for credit submitted by or on behalf of Ms. Allen or any account review relating to Ms. Allen.

h.      The existence, nature and content of any memorandum, letter, or other document evaluating the credit-worthiness of Ms. Allen in response to any credit application by Ms. Allen.

i.      The content and nature of your credit decisioning processes which were applied to any application for credit  submitted by or on behalf of Ms. Allen or any account review relating to Ms. Allen.

j.      The existence, nature and content of any conversations or communications evaluating the credit-worthiness of Ms. Allen in relation to any application for credit submitted by or on behalf of Ms. Allen.

k.      The nature, content, and reasoning underlying any credit decision relating to Ms. Allen.

l.      The identity of any individuals reviewing any application for credit submitted by or on behalf of Ms. Allen or conducting any account review relating to Ms. Allen.

m.      The nature of any adverse credit information on Ms. Allen consumer report, which impacted, to any extent, any credit decision relating to any application for credit submitted by or on behalf of Ms. Allen.

n.      Whether any information in a consumer report or credit score impacted your credit decision on the application, and if so the extent of that impact

o.      The authenticity, accuracy, and truthfulness of any ECOA or FCRA notices sent to Ms. Allen.

2.      Capital One, NA's underwriter or individual responsible for any credit decision rendered as to any credit decision concerning Ms. Allen.

**Date:**        August 5, 2024
**Time:**        12:00 PM ET
**Recording:**   Steno and Video
**Place:**       At the witness's usual place of business via Zoom
                 *Join Zoom Meeting*
                 https://us02web.zoom.us/j/85864376548?pwd=NG9WdXA4VElG
                 V2d5Vzk1R1F2WEMydz09

3.      Capital One, NA's keeper of records for the documents described in the accompanying Exhibit A and relating to your denial of credit to Ms. Allen as set forth in the attached Exhibit B

**Date:**        August 5, 2024

**Time:**        2:00 PM ET
**Recording:**   Steno and Video
**Place:**       At the witness's usual place of business via Zoom
                 *Join Zoom Meeting*
                 https://us02web.zoom.us/j/85864376548?pwd=NG9WdXA4VElG
                 V2d5Vzk1R1F2WEMydz09

                 Respectfully Submitted,


                 By: /s/ *Ian B. Lyngklip*
                 Ian B. Lyngklip P47173
                 **LYNGKLIP & ASSOCIATES,**
                 **CONSUMER LAW CENTER, PLC**
                 Attorney for Tamara Allen
                 13751 W. 11 Mile Road
                 Oak Park, MI  48237
                 Ian@ConsumerLawyers.com
                 (248) 208-8864

Dated: July 29, 2024

**EXHIBIT A**
**SCHEDULE OF DOCUMENTS TO PRODUCE**

Unless otherwise indicated, the following document requests relate exclusively to Tamara Allen ("Ms. Allen") SSN ███-2263. Additionally, this request seeks only records which were created within the preceding five years.

1. Any documents or data reviewed by the witness in preparation for the deposition.

2. Any documents or data relied upon by the witness in preparation for the deposition.

3. Any documents shared with the witness by Experian Information Solutions, Inc.'s attorney in preparation for the deposition.

4. Any notes or work documents created by the witness in preparation or anticipation of the deposition.

5. Government-issued photo ID.

6. Any application for credit submitted by Ms. Allen or using Social Security Number ███ ██2263.

7. Copies of any credit report for Ms. Allen or containing Social Security Number ███-2263.

8. Any reports relating to any account review or identification verification product used in connection with Ms. Allen.

9. Any document advising Ms. Allen of an approval or denial of credit.

10. Any reports relating to Ms. Allen which can be generated by your credit decisioning software.

11. Any memorandum, letter, or other document evaluating the credit-worthiness of Ms. Allen.

12. Any risk factors, credit assessments, and credit scores relating to Social Security Number Ms. Allen or evaluation of a consumer with SSN ███-2263.

13. Any requests for explanations of any credit information derived from Ms. Allen's credit report.

14. Any account statements from any account with Ms. Allen or a person using SSN ███-2263.

15. Any account notes or collection notes relating to any account with Ms. Allen.

16. Any communications with Ms. Allen, including any letters, text messages, voice mails, recorded calls or documents of any kind.

Respectfully Submitted,


By: /s/ *Ian B. Lyngklip*
Ian B. Lyngklip P47173
**LYNGKLIP & ASSOCIATES,**
**CONSUMER LAW CENTER, PLC**
Attorney for Tamara Allen
13751 W. 11 Mile Road
Oak Park, MI 48237
Ian@ConsumerLawyers.com
(248) 208-8864

Dated: July 29, 2024

**EXHIBIT B**
**ADVERSE ACTION NOTICE**

**CapitalOne**

P.O. Box 31290
Salt Lake City, UT 841 30-0290

April 11, 2023

ıllıhılıllıⁱılılhlⁱ⁻ⁱⁱlıhıₚ⁻llllⁱhⁱ⁻ⁱⁱllₚⁱllłlⁱhlₚllⁱⁱⁱllıₗl

Tamara Allen                                    000006804
3222 Ellscott Dr                                Q103
The Woodlands, TX 77386

Request ID: a7c45681d83741508b7fd87c0ce3ae89
Creditor: Capital One N.A.

Dear Tamara Allen,

We're writing in response to your online request for pre-approval, submitted on April 10, 2023.

Unfortunately, we can't pre-approve you for a Capital One® Quicksilver Rewards credit card, SavorOne Rewards credit card, Venture Rewards credit card, VentureOne Rewards credit card, Savor Rewards credit card, Quicksilver Rewards for Good Credit credit card, SavorOne Rewards for Good Credit credit card, VentureOne Rewards for Good Credit credit card, Quicksilver Rewards for Good Credit credit card, SavorOne Rewards for Good Credit credit card, Platinum Mastercard® credit card, QuicksilverOne Rewards credit card, Quicksilver Secured Rewards credit card, or Platinum Secured credit card at this time. Rest assured, the form you filled out online was not a credit card application and your credit score was not affected.

Here are the reasons why we couldn't match you with an offer:

· Based on your credit report from one or more of the agencies below, proportion of account balance(s) to income is too high

We know this isn't the answer you were hoping for, but we hope there is an opportunity to provide you with new products and services in the future.

Sincerely,

Capital One®

**SEE REVERSE FOR IMPORTANT INFORMATION AND DISCLOSURES.**

© 2023 Capital One. Capital One is a federally registered service mark

## FAIR CREDIT REPORTING ACT

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Experian
701 Experian Parkway
P.O. Box 2002
Allen, TX 75013
1-888-397-3742
www.experian.com

Equifax Information Services
P.O. Box 740241
Atlanta, GA 30374
1-800-685-1111
www.equifax.com

LexisNexis Risk Solutions Inc.
RiskView Consumer Inquiry Department
P.O. Box 105108
Atlanta, GA 30348-5108
1-866-897-8126
risk.lexisnexis.com/consumer-and-data-access-policies

TransUnion Consumer Relations
2 Baldwin Place
P.O. Box 1000
Chester, PA 19022
1-800-888-4213
www.transunion.com/myoption

## INFORMATION ABOUT YOUR CREDIT SCORE

We also requested your credit score to make our credit decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes. If you have questions about your score, please contact the consumer reporting agency at the address or telephone number provided.

| Your Credit Score | Score: ▮ Date: 2023-04-10 Source: Experian |
|---|---|
| Understanding Your Credit Score | |
| The range of scores | Scores range from a low of 360 to a high of 840. |
| Key factors that adversely affected your credit score | Serious delinquency<br>Proportion of balances to credit limits on bank/national revolving or other revolving accounts is too high<br>Amount past due on accounts<br>Too many inquiries last 12 months |

## EQUAL CREDIT OPPORTUNITY ACT

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Bureau of Consumer Financial Protection, 1700 G Street NW., Washington DC 20006.

© 2023 Capital One. Capital One is a federally registered service mark.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 29, 2024, I served this document on the following parties by the means

indicated:

| **Party Served** | **Manner of Service** |
|---|---|
| Emily Marie Akins<br>Treave Deason<br>Jones Day<br>717 Texas Ave.<br>Houston, TX  77002 | ShareFile & First Class Mail |
| Theodore Christian Schultz<br>LIndow Stephens Schultz LLP<br>One Riverwalk Place<br>700 N. St. Mary's St.  Ste 1700<br>San Antonio, TX  79205 | ShareFile & First Class Mail |
| Capital One, NA<br>c/o John Joseph<br>1650 Market Street, Suite 3300<br>Philadelphia, PA  19103 | ShareFile & USPS Certified Mail |

Respectfully Submitted,


By:  /s/ *Ian B. Lyngklip*
Ian B. Lyngklip P47173
**LYNGKLIP & ASSOCIATES,**
**CONSUMER LAW CENTER, PLC**
Attorney for Tamara Allen
13751 W. 11 Mile Road
Oak Park, MI  48237
Ian@ConsumerLawyers.com
(248) 208-8864

Dated: July 29, 2024

# UNITED STATES DISTRICT COURT
## Western District of Texas

| | | |
|---|---|---|
| Tamara Allen | ) | |
| | ) | |
| v. | ) | Civil Action No. SA-24-CV-00157-XR |
| | ) | |
| Experian Information Solutions, Inc. | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: <u>Capital One, NA</u>

*(Name of person to whom this subpoena is directed)*

☒ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Date and Time: |
|---|---|
| See attached deposition notice. | See attached deposition notice. |

The deposition will be recorded by this method: <u>See attached deposition notice.</u>

☒ Production:  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: <u>See attached Schedule.</u>

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 29, 2024

CLERK OF COURT                         OR       ATTORNEY OF RECORD

_____                  <u>/s/ Ian B. Lyngklip</u>
Signature of Clerk or Deputy Clerk             Attorney's Signature

The name, address, e-mail address, and telephone number of the attorney representing Tamara Allen, who issues or requests this subpoena, are:

> Ian B. Lyngklip,
> 13751 W. 11 Mile Rd.
> Oak Park, MI 48237
> 248) 208-8864 | P47173.

## Notice to the person who issues or requests this subpoena:

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## **PROOF OF SERVICE**

(This section should not be filed with the Court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title if any*) _____,
on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____

on (date), _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date _____

_____
Server's Signature.

_____
Printed Name and Title.

_____
Server's Address.

Additional information regarding attempted service, etc.:

_____
_____
_____
_____

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/ 1/13)

(c) Place of Compliance.

(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) For Other Discovery. A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) Contempt.

The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

**For access to subpoena materials, see Fed.R.Civ.P. 45(a) Committee Note (2013)**

,