IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMARA ALLEN, | § | |
| | § | |
| *Plaintiff,* | § | SA-24-CV-00157-XR |
| | § | |
| vs. | § | |
| | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS INC, USAA FEDERAL | § | |
| SAVINGS BANK, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiff's Renewed, Opposed Motion to Compel Deposition of Managing Agents or Alternatively Limit Evidence [#99] and Plaintiff's Opposed Motion to Compel Deposition of Experian's Chief Compliance Officer [#100]. The Court held a hearing on the motions on January 31, 2025, at which counsel for Plaintiff and Experian appeared via videoconference. After considering the parties' motions, the responses and replies thereto, the arguments of counsel at the hearing, and the governing law, the Court will grant in part both motions for the reasons that follow.

**A.    Motion to Compel Deposition of Managing Agents**

This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Plaintiff alleges that Experian violated the FCRA by reporting her liability for fraudulent debts and failing to remove those debts from her credit report after the debts were identified as associated with identify theft. Plaintiff's motion asks the Court to compel the depositions of numerous dispute associates working for Experian affiliated entities in Costa Rica and Chile who allegedly conducted investigations into Plaintiff's credit dispute. Plaintiff argues these are the

only "Experian employees" with information about how the statutorily-required investigation into her credit dispute was performed, and Experian must produce these individuals for deposition because their depositions were noticed pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure by sending deposition notices to Experian.

Plaintiff previously filed a motion to compel the depositions, and the Court denied the motion, finding that Plaintiff had not carried her burden to demonstrate that the foreign dispute agents were managing agents subject to deposition by a Rule 30(b)(1) deposition notice. (Order [#75].) Plaintiff's motion to compel reasserts the same arguments raised in her previous motion to compel but argues that she now has evidence in the form of deposition testimony from Experian's corporate representative sufficient to establish the dispute agents are managing agents. The Court has reviewed the deposition testimony and finds that Plaintiff still has failed to establish that the dispute agents are distinguishable from any other entry level corporate employee of Experian and its related entities and are therefore not subject to deposition by a Rule 30(b)(1) deposition.

"Only a party to litigation may be compelled to give testimony pursuant to a notice of deposition." *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). "If the party is a corporation, it may be noticed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in which case it must designate an officer, director, or managing agent to testify on its behalf." *Id.* "Alternatively, the party seeking the deposition may identify a specific officer, director, or managing agent to be deposed and notice that person under Rule 30(b)(1)." *Id.* "The testimony of such a person will be binding on the party." *Id.* "However, a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Id.* "Such a witness must be subpoenaed pursuant to Rule 45 of the

Federal Rules of Civil Procedure, or, if the witness is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." *Id.*

The party asserting that a witness is an officer, director, or managing agent bears the burden of proof. *Iraheta v. Equifax Info. Servs.*, L.L.C., No. CV 17-1363, 2018 WL 11507665, at *2 (W.D. La. Aug. 17, 2018). The law on who may be properly designated as a managing agent is not well defined, but courts have concluded that the standard "remains a functional one to be determined largely on a case-by-case basis." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48 (E.D. Va. 2010) (internal citation and quotation omitted). District courts in the Western District of Texas have considered the following factors to evaluate managing-agent status: (1) whether the corporation has invested the person with discretion to exercise his or her discretion and judgment in dealing with corporate matters, (2) whether the employee can be depended on to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation rather than the interests of the adverse party. *Deugoue v. Trans Union LLC*, No. 1:23-CV-00753-RP, 2024 WL 3730654, at *3 (W.D. Tex. Aug. 7, 2024); *Nester v. Textron, Inc.*, No. A-13-CA-920-LY, 2015 WL 1020673, at *8–9 (W.D. Tex. Mar. 9, 2015). An employee can be considered a managing agent "if they had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case." *Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2015 WL 11570979, at *2 (W.D. Tex. Jan. 9, 2015) (internal citation and quotation omitted). Courts also frequently consider whether "any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination." *Afram Lines*, 159 F.R.D. at 413; *see also Jackson v. Stevens Transp., Inc.*, No. 3:14-CV-1416-M, 2015

WL 221087, at *3 (N.D. Tex. Jan. 15, 2015); *Bianco v. Globus Med., Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 977686, at *2 (E.D. Tex. Mar. 6, 2014).

Plaintiff argues that the Costa Rican and Chilean dispute agents who handled her credit dispute are managing agents because Experian testified in its corporate representative deposition that these agents have significant discretion with respect to the matters at issue in this litigation. Yet the deposition testimony of Experian's corporate representative merely establishes that foreign dispute agents (like domestic agents) are expected to follow corporate policy and have the ability to delete or modify disputed accounts and tradelines without seeking the approval of a supervisor so long as these actions are "according to policy."  (Experian Dep. [#99-2], at 210:2–211:4, 213:18–214:7.)  Teresa Iwanski, Senior Litigation Analyst for Experian, explained in her declaration, which was previously submitted to the Court by Experian in opposition to Plaintiff's first motion, that the foreign dispute agents are "low level employees, with no policy-making responsibilities, and no discretion to deviate from Experian's policies and procedures."  (Iwanski Decl. [#70-1], at ¶ 8.)  Ms. Iwanski's declaration is consistent with the deposition testimony of Experian's corporate representative that the foreign dispute agents at issue must act in a manner consistent with corporate policy and have not been imbued with discretion to exercise their own judgment in dealing with corporate matters.  *See Deugoue*, 2024 WL 3730654, at *3.  Nor is there any evidence that the foreign dispute agents had supervisory responsibility of any kind with respect to the issues in this litigation.  *See Sparling*, 2015 WL 11570979, at *2.

Although the case law makes clear that the term "managing agent" should not be "read restrictively to be limited to persons in the upper management of the corporation," *Bianco*, 2014 WL 977686, at *2, it also cannot be true that "*any* employee or witness can be elevated to 'managing agent' status simply by performing some function relevant to the litigation."

4

*Khachatryan v. Fair Collections & Outsourcing, Inc.*, No. 223CV01572SPGPDX, 2023 WL 6826838, at *2 (C.D. Cal. Oct. 4, 2023) (emphasis in original). Embracing such a broad reading of the term "managing agent" "would swallow the rule and require virtually any employee, regardless of their degree of authority, to be subject to a deposition notice rather than a subpoena or compliance with international treaties." *Khachatryan*, 2023 WL 6826838, at *2. The undersigned is of the opinion that cases endorsing this interpretation of the managing-agent requirement, such as *Calderon v. Experian Information Solutions, Inc.*, 287 F.R.D. 629, 633 (D. Id. 2012), adopted too expansive of a view of the reach of Rule 30(b)(1). Because Plaintiff has failed to establish that the foreign dispute agents are managing agents, the Court will again deny her request for an order compelling them to appear for deposition in response to the served Rule 30(b)(1) notices.[1]

That said, the Court understands Plaintiff's frustration in being thus far unable to depose the only individuals who directly worked on her credit dispute without going through the expensive, cumbersome process to depose foreign individuals who are not parties or managing agents of parties. When the dispute does not involve foreign witnesses, parties often agree to notice and produce lower-level employees without subpoenas, even when the employees are not subject to deposition on written notice via Rule 30(b)(1). Experian has refused to produce the dispute-agent witnesses by agreement, and Experian's corporate representative testified that she did not reach out to the dispute agents before her deposition to attempt to find out how Plaintiff's dispute was actually investigated despite the investigations being a topic designated for the Rule 30(b)(6) deposition. (Experian Dep. [#99-2], at 111:12–112:13.) Other district courts have expressed concern with allowing a credit reporting agency to put on evidence "regarding a third

---

[1] As the Court finds that the foreign dispute agents are not managing agents, the Court need not consider Experian's other arguments as to why the depositions should not be compelled.

party's investigation that took place in a foreign country—evidence that is readily accessible to Defendant and incredibly difficult, if not near impossible, for Plaintiff to obtain." *Miller v. Equifax Info. Servs., LLC*, 508 F. Supp. 3d 1166, 1169–70 (N.D. Fla. 2020). Plaintiff therefore requests as alternative relief that the Court bar Experian from offering evidence or argument as to what occurred in its investigation.

"The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quotation and citation omitted). "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* "If the designated deponent is not knowledgeable about relevant facts, and the corporation has failed to designate an available, knowledgeable witness then the appearance is essentially no appearance at all, and sanctions may be imposed" under Rule 37(d). *Robinson v. Nexion Health at Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex. 2014) (citing *Resolution Trust Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).

Here, the corporate representative has admitted she has no personal knowledge regarding the investigations into Plaintiff's credit dispute and that in preparing for the Rule 30(b)(6) deposition, she did not confirm with the dispute agents what occurred during the investigations. The corporate representative will therefore be precluded from testifying at summary judgment or trial as to what in fact happened during the investigations. The corporate representative may testify as to what the policies require, both in terms of the agent's performance of the investigation and in terms of what the agents are required to document regarding those investigations. She may be able to testify as to what was documented, although hearsay and

other objections could apply. But she may not testify to any additional facts related to the investigation beyond what is reflected in corporate documentation already made available to Plaintiff in discovery. If the parties' instead reach an agreement to depose the dispute agents by Zoom (as Plaintiff suggests) or otherwise, this ruling will be revisited.

**B.      Motion to Compel Deposition of Chief Compliance Officer**

Plaintiff's second motion to compel seeks an order compelling Experian's Chief Compliance Officer to testify regarding Experian's identity theft policies. Plaintiff believes this testimony will assist the factfinder in determining the reasonableness of Experian's investigation into Plaintiff's credit dispute. The Court will grant this motion in part.

Plaintiff has established that Experian's identity theft policies are relevant to her claims, but the Court agrees with Experian that compelling the deposition of Experian's Chief Compliance Officer for North America is not proportional to the needs of this case given that there are other employees likely to possess this knowledge. *See* Fed. R. Civ. P. 26(b)(1); *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015) ("[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case . . . ."). However, Plaintiff should be permitted to depose someone within Experian's compliance department regarding the identity theft policies implemented by the foreign dispute agents handling her credit dispute. Plaintiff will be given the opportunity to conduct another Rule 30(b)(6) deposition on this and closely related topics. The parties should confer on this issue and, if they are unable to reach an agreement on the number of deposition topics and the length of the deposition, they can file a motion with this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Renewed, Opposed Motion to Compel Deposition of Managing Agents or Alternatively Limit Evidence [#99] is **GRANTED IN PART** as stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's Opposed Motion to Compel Deposition of Experian's Chief Compliance Officer [#100] is **GRANTED IN PART** as stated herein.

**IT IS FINALLY ORDERED** that all relief requested not expressly granted herein is **DENIED**.

SIGNED this 6th day of February, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE