IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TAMARA ALLEN, *Plaintiff* | § § § § | |
| -vs- | § § | SA-24-CV-00157-XR |
| EXPERIAN INFORMATION SOLUTIONS INC, USAA FEDERAL SAVINGS BANK, *Defendants* | § § § § § | |

**RULE 72 ORDER**

On this date, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Order **GRANTING IN PART** and **DENYING IN PART** Plaintiff's motions to compel (ECF No. 108), Plaintiff's objections (ECF No. 109), Defendant Experian Information Solutions, Inc's response (ECF No. 110), and Plaintiff's reply (ECF No. 114). After careful consideration, the Court **OVERRULES** Plaintiff's objections and **AFFIRMS** the Magistrate Judge's Order.

**BACKGROUND**

**I.  Procedural History**

In this Fair Credit Report Act (FCRA) case, Plaintiff alleges that Experian reported her liability for fraudulent debts and failed to remove those debts from her credit report after the debts were identified as associated with identify theft. ECF No. 64 ¶¶ 4, 72–97.[1]

As relevant to this discovery dispute, Plaintiff claims that individuals working for Experian's sibling subsidiaries in Costa Rica and Chile conducted the credit dispute investigations at issue, *Id.* ¶¶ 77–78; ECF No. 65 at 2–3, and so renews her motion to compel the depositions of

---

[1] Plaintiff initially sued Equifax Information Services, LLC, but settled her claims against it. ECF No. 29. Plaintiff then filed her First Amended Complaint, dropping Equifax. ECF No. 64. Plaintiff's claims against USAA Federal Savings Bank are stayed pending arbitration. ECF No. 67. Accordingly, the live dispute is with Experian.

1

these foreign dispute agents, or alternatively to limit Experian's evidence on their investigations. Plaintiff asserts that without the testimony of these foreign dispute agents, there is no evidence of whether Experian's policies were followed or not. ECF No. 109 at 1. She also seeks to compel the deposition of Experian's Chief Compliance Officer (CCO), who she contends has relevant information on Experian's actions related to the investigation of her disputes.

## II. Plaintiff's First Motion to Compel the Deposition of Foreign Dispute Associates

In May 2024, Plaintiff moved to compel the deposition of these foreign dispute associates after noticing them under Rule 30(b)(1) of the Federal Rules of Civil Procedure by sending deposition notices to Experian, or alternatively to limit defenses. ECF No. 65. Magistrate Judge Chestney denied this motion because Plaintiff did not carry her burden to prove that the foreign dispute associates were "officers, directors, or managing agents of any employer" and so did not "establish that they are subject to deposition" by Rule 30(b)(1). ECF No. 75 at 3–4.[2]

Judge Chestney relied on a three-factor test district courts in this Circuit have embraced in evaluating managing-agent status: (1) whether the corporation has invested the person with discretion to exercise his judgment, (2) whether the employee can be depended upon to carry out the employer's directions, and (3) whether the individual can be expected to identify him or herself with the interests of the corporation as opposed to the interests of the adverse party. ECF No. 75 at 4 (citing *Jackson v. Stevens Transp., Inc.*, No. 3:14-CV-1416-M, 2015 WL 221087, at *3–4 (N.D. Tex. Jan. 15, 2015)); *see also* 7 *Moore's Federal Practice* – Civil § 30.03[2] (2025) ("Most courts follow [the] three-prong test for determining whether a person is a "managing agent" of a

---

[2] "Under Rule 30(b)(1) of the Federal Rules of Civil Procedure, a specific officer, director, or managing agent of a corporate party may be compelled to give testimony pursuant to a notice of deposition. If the person to be deposed does not qualify as an officer, director, or managing agent, they are not subject to deposition by notice and, if they are not in the United States, they would have to be served pursuant to the procedures of the Hague Convention or some other treaty." *Sparling v. Doyle*, No. EP-13-CV-323-DCG, 2015 WL 11570979, at *1 (W.D. Tex. Jan. 9, 2015) (citations and internal quotation marks omitted).

corporation"). Judge Chestney also looked to whether the individuals "had significant independence and/or supervisory responsibility with respect to the aspect of the corporation's activities that are at issue in the case," ECF No. 75 at 4 (citing *Bianco v. Globus Med., Inc.*, No. 2:12-CV-147-WCB, 2014 WL 977686, at *2 (E.D. Tex. Mar. 6, 2014)), or if "any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which he information is sought by examination." *Id.* (citing *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408 413 (S.D.N.Y. 1994)).

Judge Chestney found that the only evidence Plaintiff provided on the managing-agent status of the foreign dispute agents was LinkedIn profiles of several of the potential deponents, which "merely establish[ed] that these individuals work for an Experian entity." ECF No. 75 at 5. While Plaintiff provided two depositions of other Experian Chile and Costa Rica employees with similar job titles to the dispute associates, she did not direct the Court to any excerpt that illustrated the dispute associates were managing agents. *Id.* at 5. On the other hand, Experian provided an undisputed declaration of a Senior Litigation Analyst who identified the dispute associates as "Response Processors" and "Customer Care Specialists," which are entry- or low-level positions. *Id.* at 5–6.

Thus, "nowhere in the record [was] there any information demonstrating that the dispute associates at issue have discretionary [or supervisory] authority regarding the matters at issue in this litigation." *Id.* at 6.[3]

---

[3] Judge Chestney did not address whether Experian's defenses should be limited.

### III. Plaintiff's Renewed Motion to Compel and to Compel the Deposition of Experian's Chief Compliance Officer

In January 2025, Plaintiff renewed her motion to compel the foreign dispute agents' depositions and moved to compel the deposition of Experian's CCO. ECF Nos. 99, 100.[4] Plaintiff claimed that new testimony from its Rule 30(b)(6) deposition of Experian's corporate representative revealed that the foreign dispute agents are "managing agents" and so were appropriately noticed. ECF No. 99 at 4–5, 7 (citing *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012), *aff'd*, 290 F.R.D. 508 (D. Idaho. 2013)). And that the testimony of Experian's COO would assist the trier of fact in determining reasonableness, negligence, or willfulness of Experian's actions in relation to its investigation of her dispute. ECF No. 100 at 4. While Plaintiff pointed to several individuals on LinkedIn who appear to satisfy the description of CCO, *id.* at 6, she sought to depose Steven Heymann, who is a "Senior VP & Head of Privacy, Compliance & Ethics (North America) at Experian based in Costa Mesa, California." *Id.*

Experian rejected that the evidence altered the analysis, pushed back on Plaintiff's "apex" deposition, and reraised the same arguments it made in response to Plaintiff's first motion to compel, including that the foreign dispute agents do not work for Experian, are non-parties to this case, and so the Court cannot compel Experian to produce them. ECF Nos. 102, 105 at 3–4, 6–11.

### IV. Judge Chestney's Order Granting in Part Both Motions

On February 6, 2025, Judge Chestney granted in part and denied in part both motions. ECF No. 108.

*First*, Judge Chestney found that Plaintiff still "failed to establish that the dispute agents are distinguishable from any other entry level corporate employee of Experian and so are not

---

[4] Plaintiff filed objections to Judge Chestney's first denial of her motion to compel. ECF No. 76. The Court did not address these as the case was later stayed pending mediation, which was unsuccessful. ECF Nos. 88, 95.

4

subject to a Rule 30(b)(1) deposition." *Id.* at 2. Judge Chestney relied on the same factors to evaluate managing-agent status as in the first motion to compel, *id.* at 3, and found Plaintiff still did not show that the foreign dispute agents had discretionary or supervisory authority with respect to the issues in this litigation. *Id.* at 4. Rather, Plaintiff's new evidence "merely establishe[d] that foreign dispute agents (like domestic agents) are expected to follow corporate policy and have the ability to delete or modify disputed accounts and tradelines without seeking the approval of a supervisor so long as these actions are 'according to policy.'" *Id.* This was consistent with Experian's previously-submitted declaration; the foreign dispute agents are "low level employees, with no policy-making responsibilities, and no discretion to deviate from Experian's policies and procedures." *Id.*

Finding this determinative, Judge Chestney did not address the other factors nor Experian's alternative arguments. But Judge Chestney precluded Experian's corporate representative from testifying at summary judgment or trial as to what happened during the investigations, given the concern of allowing Experian to put on evidence of an investigation that took place in a foreign country that is not now accessible to Plaintiff. *Id.* at 5–6.[5]

*Second*, Judge Chestney found that while deposing Experian's CCO for North America is not proportional to the needs of this case as there are other employees likely to posses the knowledge, Plaintiff should be permitted to depose "someone within Experian's compliance department regarding the identify theft policies implemented by the foreign dispute agents handling her credit dispute." *Id.* at 7. So Judge Chestney permitted Plaintiff to conduct another Rule 30(b)(6) deposition on this and closely related topics. *Id.*

---

[5] Judge Chestney noted this ruling would be revisited should the parties reach an agreement to depose the foreign dispute agents. *Id.* at 7.

5

On February 20, 2025, Plaintiff filed timely objections. ECF No. 109.[6]

## ANALYSIS

### I. Legal Standard

Rule 72 addresses review of both nondispositive matters (Rule 72(a)) and dispositive motions (Rule 72(b)) handled on referral to a Magistrate Judge. For nondispositive matters, district judges "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* FED. R. CIV. P. 72(a).

Plaintiff's motions to compel are nondispositive motions. With respect to nondispositive matters, Rule 72(a) sets out a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan, Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). But "legal conclusions are reviewed de novo." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *Sparling*, 2016 WL 236266, at *2.

### II. Discussion

Plaintiff seeks to reverse Judge Chestney's decision and compel the depositions of the foreign dispute agents and Experian's CCO. Applying a clearly erroneous standard of review, Plaintiff's arguments fail.

#### A. Deposition of Foreign Dispute Agents

Judge Chestney did not clearly err in finding that the foreign dispute agents were not "managing agents" and not subject to Plaintiff's Rule 30(b)(1) deposition.

---

[6] Plaintiff also seeks to extend discovery to accommodate these depositions and grant leave to take these depositions which exceed the 10 allowed under Fed. R. Civ. P. 26. Given the Court overrules Plaintiff's objections, these request are denied as **MOOT**.

Judge Chestney reviewed the evidence—Plaintiff's new Rule 30(b)(6) testimony and Experian's previously submitted declaration of its Senior Litigation Analyst—and found that it "merely establishe[d] that foreign dispute agents . . . are expected to follow corporate policy" and can take actions on a credit file "so long as these actions are 'according to policy.'" ECF No. 108 at 6. Plaintiff's argument that Judge Chestney rejected testimony that established dispute agents (1) have discretion in how they process credit disputes; (2) are relied on to follow instructions; and (3) act in the interest of Experian, amounts to mere disagreement with Judge Chestney's evaluation of the evidence.

As Judge Chestney pointed out, the foreign dispute agents "discretion" in processing *is* constrained by Experian's policy. *See* ECF Nos. 108 at 4. Plaintiff concedes this. ECF No. 109 at 3 ("The dispute processors are granted discretion to make decisions *within the scope of Experian's dispute policy*.") (emphasis added). While Plaintiff points to Experian's Rule 30(b)(6) testimony to argue that the dispute processors have discretionary authority given that they are "not required to secure approval from a supervisor in order to delete trade deadlines" and "have the ability" to do so, *id.* at 3, this discretion is also constrained "within [Experian's] policies." ECF No. 99-2 at 5 (Experian's Rule 30(b)(6) Deposition Transcript).

True, Plaintiff's argument has merit.[7] Plaintiff is not able to evaluate how the agents' discretion is exercised without deposing them. On the other hand, courts have acknowledged this is a "close question," *Calderon*, 287 F.R.D. at 634, and Judge Chestney reasonably concluded that discretion constrained by Experian's policy was not the type that turned those exercising it into

---

[7] Other district courts have gone the other way in similar cases. *See*, e.g., *Calderon*, 287 F.R.D. at 634 (foreign dispute agents of Experian who handled plaintiff's dispute were "managing agents"); *Odsather v. Fay Servicing, LLC*, No. 18-CV-289-JCC, 2019 WL 11005500, at *1 (W.D. Wash. Jan. 10, 2019) (employee who processed a credit dispute that gave rise to an FCRA claim was a "managing agent for the purpose of allowing a Rule 30(b)(1) deposition"); *Sherman v. Sheffield Financial, LLC*, 338 F.R.D. 247, 250 (D. Minn. 2021) (same); *Lirdizabal v. Arvest Central Mortgage Co.*, No. 22-CV-345-MMA-BLM, 2023 WL 2229261, at *5 (S.D. Cal. Feb. 24, 2023) (same).

7

"managing agents." And "the great deference owned to the [magistrate] judge's findings compels the conclusion that [w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Guilbeau v. Schlumberger Tech. Corp.*, No. 21-CV-0142-JKP-ESC, 2024 WL 940244, at *3 (W.D. Tex. Mar. 5, 2024) (quoting *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

While Plaintiff presses that Experian's reliance on the dispute agents to follow instructions and act in the interest of Experian is sufficient, Judge Chestney rejected this theory, finding this broad reading of a managing agent would "swallow the rule" and permit virtually any employee who works for the company to be subject to a Rule 30(b)(1) deposition. ECF No. 108 at 5. This was not clear error either, given Judge Chestney's factual finding that the foreign dispute agents lack discretionary authority and the lack of binding authority from the Fifth Circuit on this issue.

An independent ground raised by Experian but unaddressed by Judge Chestney also raises problems for Plaintiff: even if the foreign dispute agents are "managing agents," they are not "managing agents" *of Experian* because they work for non-party corporate affiliates or third-party vendors.[8]

Plaintiff cites several cases where courts deemed parties to be "managing agents" for Rule 30(b)(1) purposes, including FCRA cases, but these do not involve agents that worked for non-party corporate affiliates or third-party vendors. *See Brunson v. PHH Mortg.*, 342 F.R.D. 315, 322–23 (M.D. Fla. 2022) ("seeking a protective order as to the deposition of Samar Tareen, a non-party to this action who is employed at PHH's credit reporting department in India"); *Odsather*, 2019 WL 11005500, at *1 ("Plaintiff wishes to take the deposition of one of Defendant's

---

[8] The corporate structure is unclear. Plaintiff claims the foreign dispute agents work for Experian's "sibling corporations" (Experian Services of Chile, S.A. and Experian Services of Costa Rica, S.A.). ECF No. 99 at 2. Experian contends they are "non-party vendors." ECF No. 102 at 8. And Judge Chestney characterized them as "affiliated entities." ECF No. 108 at 1.

8

employees, Madelyn Feliciano"); *In re: Takata Airbag Prods. Liab. Litig.*, No. 15-02599-MD, 2017 WL 8812735, at *1 (S.D. Fla. July 19, 2017) (resolving dispute regarding "the deposition testimony of five Honda employees, including Mr. Fukuda").

Plaintiff's best case is *Calderon v. Experian Info. Sols., Inc.*, which held that two entities could be treated as one for discovery purposes because there was "a wealth of evidence to suggest that the relationship between [defendant and its foreign sister company] [wa]s such that [defendant's] employees were under [defendant's] control." 290 F.R.D. at 513.[9] But "other courts that have examined *Calderon* have declined to apply it either because the moving party (1) did not provide sufficient evidence of a 'close corporate' relationship to warrant treating two affiliated entities as one, or (2) failed to also make the argument that the witnesses were 'managing agents.'" *Lott*, 2024 WL 1655589, at *4 (discussing treatment). And as Experian argued before Judge Chestney, others have rejected *Calderon* outright. ECF No. 102 at 4–5; *see*, e.g., *Livesay v. Nat'l Credit Sys., Inc.*, No. 4:22-CV-19-TLS-JEM, 2022 WL 17432341, at *3 (N.D. Ind. Dec. 5, 2022) ("Even if the Plaintiff could make such a showing [under *Calderon*], the Court still could not compel the Defendant to produce witnesses for deposition who were not its own employees after receiving notice pursuant to Rule 30(b)(1)"); *In re: Benicar (Olmesartan) Prods. Liability Litig.*, No. 15-2606, 2016 WL 5817262, at *4 (D.N.J. Oct. 4, 2016) (declining to follow the "control test" in *Calderon* because it "conflates the standard for when a corporate party must produce its affiliate's documents with the standard for which witnesses a corporate party must produce for deposition").

---

[9] Plaintiff cites *Calderon* in its objections to support its argument that the foreign dispute agents are "managing agents," but this reliance is misplaced. *Calderon* did not apply its "control test" to the "managing agent" inquiry. Rather, it used it to determine whether the two separate corporate entities could be treated as one for the purposes of discovery. *See Lott v. BSI Financial Service, Inc.*, 5:23-CV-269-SSS-SHK, 2024 WL 1655589, at *3–4 (C.D. Cal. Mar. 5, 2024) (discussing this distinction). These are separate inquiries, and *both* are needed to properly notice a 30(b)(1) deposition here.

9

The Court notes that the Rule 30(b)(6) testimony hints at "close relationship" between Experian and the affiliated entities the foreign dispute agents work for.[10] But the Court need not pick a side here because Plaintiff does not offer any argument as to why *Caldron*'s "control test" is proper to begin with, nor why the evidence demonstrates a "close relationship" between Experian and its sibling corporations. Instead, Plaintiff's objections rely solely on disputing Judge Chestney's "managing agent" determination.[11]

### B. *Khachatryan* and Low Level Employees

Plaintiff contends that Judge Chestney erroneously relied on *Khachatryan v. Fair Collections & Outsourcing, Inc.*, No. 2:23-CV-1572-SPG-PDX, 2023 WL 6826838 (C.D. Cal. Oct. 4, 2023), by citing *Experian's report* to the *Khachatryan* court. *Id.* at 4–6. Plaintiff asserts that the bold portions below are misquoted.

> Although the case law makes clear that the term "managing agent" should not be "read restrictively to be limited to persons in the upper management of the corporation," *Bianco*, 2014 WL 977686, at *2, **it also cannot be true that "any employee or witness can be elevated to 'managing agent' status simply by performing some function relevant to the litigation."** *Khachatryan v. Fair Collections & Outsourcing, Inc.*, No. 223CV01572SPGPDX, 2023 WL 6826838, at *2 (C.D. Cal. Oct. 4, 2023) (emphasis in original). Embracing such a broad reading of the term "managing agent" **"would swallow the rule and require virtually any employee, regardless of their degree of authority, to be subject to a deposition notice rather than a subpoena or compliance with international treaties."** *Khachatryan*, 2023 WL 6826838, at *2.

---

[10] Like *Calderon*, the foreign dispute agents follow the same manual as their English counterparts, take instruction from Experian's managers in the United States, and act on behalf of Experian's interests. ECF No. 99-2 at 5–7; *Calderon*, 290 F.R.D. at 513–14. But other facts in *Calderon* are missing here, for instance whether they are "referred to" as one entity, whether they have the same organizational structure, whether they are trained by an Experian employee, whether they share the same computer system, whether information flows interchangeably between the two systems, or whether the accounting operations are shared jointly. *Calderon*, 290 F.R.D. at 513.

[11] Before Judge Chestney, Plaintiff claimed that Experian refused to produce the service agreement that would shine light on the "extent of any control" between Experian and its sibling corporations (Experian Services of Chile, S.A. and Experian Services of Costa Rica, S.A). ECF No. 99 at 2. Experian, in response, stated this was false and that it had produced the agreements. ECF No. 102 at 10 n.5. Whatever the merits of this dispute, Plaintiff did not re-raise this issue in its objections nor did she attach or reference any documents or communications regarding them.

ECF No. 108 at 4–5.

Plaintiff misreads *Khachatryan*. As Experian correctly points out, the Magistrate Judge in *Khachatryan* adopted Experian's portion of the joint submission. *Khachatryan*, 2023 WL 6826838, at *1 ("*For the reasons set forth by counsel for Experian*, Plaintiffs' request to take the deposition of Walter Marin is denied. Plaintiffs have not shown that Marin qualifies as an officer, director or managing agent of Defendant Experian.") (emphasis added). Even if the *Khachatryan* court did not expressly adopt Experian's statement, it agreed with its reasoning. Judge Chestney did not err by citing *Khachatryan*, and the Court declines Plaintiff's request to vacate Judge Chestney's opinion on this basis.

Plaintiff pivots and argues that Judge Chestney's reliance on *Khachatryan* improperly turned the three-factor "managing agent" test into one that focused solely on the "low level" of the foreign dispute agents. ECF No. 109 at 5. This mischaracterizes Judge Chestney's reasoning. Judge Chestney primarily rested on the first factor considered by courts in this District to evaluate managing-agent status: whether the corporation has invested the person with discretion to exercise his or her discretion and judgment in dealing with corporate matters. ECF No. 108 at 3. Judge Chestney's reference to the foreign dispute agents as "low level" was quoted from Experian's Senior Litigation Analyst, and merely reinforced Judge Chestney's conclusion.

### C. Experian's CCO Deposition

Plaintiff argues that prohibiting the deposition of Experian's COO was error under *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979). ECF No. 109 at 10. *Salter* does not help Plaintiff. In *Salter*, the Fifth Circuit adopted limitations on a party's ability to conduct discovery of senior corporate managers in Rule 30(b)(1) depositions, based on considerations associated with the "apex" doctrine. 593 F.2d at 65. While *Salter* stated that "[i]t is very unusual for a court to prohibit

the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error," it also recognized that courts have substantial discretion to manage the deposition process. *Id.*; *see Texas v. Google LLC*, 347 F.R.D. 490, 494 (E.D. Tex. 2024) (recognizing these as *Salter*'s "two guiding principles concerning the depositions of high-ranking corporate executives"). Here, Judge Chestney did not clearly err in exercising that discretion.

Judge Chesney found that compelling the deposition of Mr. Heymann is not proportional to the needs of this case given there are other employees likely to possess the knowledge, and so instead permitted Plaintiff to conduct another Rule 30(b)(6) deposition related to the *identify theft policies* implemented by the foreign dispute agents handling her credit dispute. ECF No. 108 at 7 (citing FED. R. CIV. P 26(b)(1) and *Carr v. State Farm Mut. Auto Ins. Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015)).

Another Rule 30(b)(6) deposition is a "less-intrusive means" to obtain the information that "avoid[s] oppression, inconvenience, and burden to the executive and the corporation." *Google*, 347 F.R.D. at 494 (citations and internal quotation marks omitted). And Plaintiff has not explained how Mr. Heymann has any "unique personal knowledge" compared to that of a Rule 30(b)(6) witness, instead relying solely on his LinkedIn and ZoomInfo profiles and speculation that the Rule 30(b)(6) deposition will be pointless. Contrary to Plaintiff's suggestion, Judge Chestney also did not "foreclose" or "complete[ly] prohibit" this deposition. *Salter*, 593 F.2d at 651. Nothing in Judge Chestney's decision prevents Plaintiff from renewing her request should the Rule 30(b)(6) turn up short.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections (ECF No. 109) to Magistrate Judge Chestney's Order (ECF No. 108) are **OVERRULED**.

**IT IS SO ORDERED.**

**SIGNED** this 27th day of March, 2025.

                                          XAVIER RODRIGUEZ
                                          UNITED STATES DISTRICT JUDGE